```
           UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  NORTHERN DIVISION
```

**UNITED STATES OF AMERICA**

**v.**                              CRIMINAL NO. 3:24-CR-86-DCB-ASH

**MARQUEZ DANTE SCOTT**

<u>MEMORANDUM OPINION AND ORDER</u>

BEFORE THE COURT is Marquez Dante Scott ("Defendant")'s Motion to Dismiss the Indictment, [ECF No. 20] (the "Motion"), in which Defendant contends that 18 U.S.C. § 922(g)(1)[1] is unconstitutional under the Second Amendment.[2] Defendant advances multiple theories in his constitutional challenge to Section

---

[1] Section 922(g)(1) provides in pertinent part:

(g) It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
…
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C.A. § 922(g)(1).

[2] The Second Amendment to the United States Constitution provides: A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

1

922(g)(1), and the Court has examined each.  Having studied the Motion, the parties' submissions, and applicable legal authority, the Court finds that the Motion should be denied.

## BACKGROUND

The essential background facts are not in dispute. According to the Government and a police Incident Report of the Mississippi State Capitol Police, [ECF No 21-1], officers arrested Defendant on June 28, 2024, when they found him in a vehicle with numerous firearms and narcotics.  [ECF No. 21] at 2.  In its opposition to the Motion, the Government alleges that, less than two years before his arrest by Capitol Police, Defendant had a prior conviction (to which he pleaded guilty) for vehicle theft and had been sentenced to "ten years' imprisonment with three years to serve, followed by five years of probation."  Id.  The Government advises – and Defendant does not dispute – that Defendant was on parole at the time of his arrest by Capitol Police on June 28, 2024.  Id.  In support, the Government has filed with the Court a Certificate of Parole dated January 12, 2024, in which Defendant states:  I will not possess or have under my control any firearm or deadly weapon."  [ECF No. 21-2] ¶ 8.

Not inconsistent with the Government's allegations, Defendant admits, solely for the purposes of the Motion, that: "The grand jury alleged that on or about June 28, 2024, Scott violated § 922(g)(1) by knowingly possessing a firearm that was in and affecting commerce after previously being convicted of a crime punishable by a term exceeding one year of imprisonment. ECF 1 (indictment). Scott has a prior conviction for motor vehicle theft. There is no allegation that Scott traveled across state lines himself with the firearm or engaged in sales transactions across state lines."  [ECF No. 20] at 2.

**PROCEDURAL CONSIDERATIONS**

Federal Rule of Criminal Procedure 12(1) permits a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  In the Fifth Circuit, "[t]he propriety of a motion to dismiss an indictment ... by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." United States v. Fontenot, 662 F.3d 640, 644 (5th Cir. 2011) (citations omitted). "If a question of law is involved, then consideration of the motion is generally proper." Id.  A court may rule on a pretrial motion to dismiss an indictment where, as here, the motion presents a legal question that involves undisputed facts.

3

United States v. Flores, 404 F.3d 320, 325 (5th Cir. 2005), abrogated on unrelated grounds by Abramski v. United States, 573 U.S. 169 (2014); United States v. Brown, 720 F. Supp. 3d 475, 477 (S.D. Miss. 2024) (Rule 12 permits court to rule on motion to dismiss superseding indictment that charged violation of Section 922(g)(1) where parties agreed that defendant had prior felony convictions); accord United States v. Rice, 719 F. Supp. 3d 618, 627 (W.D. Tex. 2024) (Rule 12 permitted court to rule on motion to dismiss indictment that challenged constitutionality of Section 922(g)(1) where fact of firearm possession and prior felony convictions were not in dispute).  Defendant's Second Amendment constitutional challenge to 18 U.S.C. § 922(g)(1) raises matters of law that can properly be decided before trial.

## DISCUSSION

The parties agree that, in deciding Defendant's Motion, the Court must apply the well-established two-step analysis set forth in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 24 (2022):

> … [W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.

New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 17 (2022).  Recently in United States v. Diaz, 116 F.4th 458, 467 (5th Cir. 2024), the Fifth Circuit clarified that "[t]he plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)."  Under Bruen, the Constitution presumptively protects such covered conduct, and the Court must proceed to the second step of the analysis: whether the government can demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.  Diaz, 116 F.4th at 467.  In short, Defendant argues that the Government has failed to demonstrate the necessary historical analogue under Bruen's second step, and he offers various theories (addressed below) to support his constitutional challenge.

    1.  As-applied challenge.[3]  Defendant argues that Section 922(g)(1) is unconstitutional as applied to him because the Government has failed "to offer any clear historical evidence specifically addressing Scott's criminal history."  [ECF No. 23] at 2.  Defendant admits that he has a prior conviction for motor vehicle theft, [ECF No. 20] at 2, which the indictment alleges

---

[3] Generally, an as-applied challenge considers whether the statute is unconstitutional as interpreted and enforced against the movant.  Bosarge v. Edney, 669 F. Supp. 3d 598, 612 (S.D. Miss. 2023).  In an as-applied challenge, the court determines whether a law is "unconstitutional as applied to appellant's activity."  Spence v. Washington, 418 U.S. 405, 414 (1974)).

to be a crime punishable by imprisonment for a term exceeding one year. [ECF No. 1] at 1.

To survive Defendant's as-applied challenge, the Government must demonstrate that the Nation has a longstanding tradition of disarming someone with a criminal history analogous to his. United States v. Diaz, 116 F.4th 458, 467 (5th Cir. 2024). The defendant in Diaz had a pertinent criminal history that consisted of vehicle theft, evading arrest, and possessing a firearm as a felon. United States v. Diaz, 116 F.4th 458, 467 (5th Cir. 2024). After setting forth its detailed analysis of colonial-era laws that correspond to the law against vehicle theft (a predicate offense for the defendant's Section 922(g)(1) charge), the panel concluded that historical "laws authorizing severe punishments for thievery and permanent disarmament … establish that our tradition of firearm regulation supports the application of § 922(g)(1) to Diaz." Diaz, 116 F.4th at 471.

In urging the Court to reject Defendant's as-applied challenge, the Government argues that, under Diaz, "vehicle theft is a valid predicate felony for the constitutional application of § 922(g)(1)." [ECF No. 21] at 1. According to the Government, Diaz is dispositive, and the Court should reach the same conclusion in this case.

Having studied the extensive historical and legal analysis set forth in Diaz, the Court agrees that the Fifth Circuit's reasoning in the Diaz case applies to Defendant given his prior conviction for vehicle theft, a felony that is punishable by imprisonment of more than one year. But the Fifth Circuit's holdings and conclusions in Diaz are not the only authority on which the Court may rely in reaching its decision in this case. As previously mentioned, the parties do not dispute that Defendant was on parole for a vehicle theft conviction at the time he was arrested for firearms possession in violation of Section 922(g)(1). Recently, the Fifth Circuit rejected an as-applied challenge from an offender who had been arrested and convicted for firearms possession while he was on supervised release for a previous felony. United States v. Giglio, No. 24-60047, 2025 WL 274968, at *1 (5th Cir. Jan. 23, 2025). After conducting the required historical analysis under Bruen, the Fifth Circuit concluded that supervised release, albeit noncustodial, is part of a criminal sentence and "those subject to criminal sentences do not enjoy the full panoply of rights guaranteed by our Constitution." Giglio, 2025 WL 274968, at *5. The panel further concluded that, while he was on supervised release, "the government was justified in depriving Giglio of his Second Amendment rights at the time of his arrest … ." Id. Put another way, "the government may disarm those who continue

7

to serve sentences for felony convictions." Id. at *4; see United States v. Contreras, No. 23-50840, 2025 WL 80107, at *5 (5th Cir. Jan. 13, 2025). Accordingly, the Fifth Circuit upheld the constitutionality of Section 922(g)(1) as applied to Mr. Giglio. Giglio, 2025 WL 274968, at *5.

The same result applies to Defendant because parole is "comparable to supervised release in the federal system." Johnson v. Owens, 612 Fed.Appx. 707, 711 (5th Cir. 2015); see also United States v. Winding, 817 F.3d 910, 916 (5th Cir. 2016)("Supervised release is akin to parole."). Given the holdings of Diaz and Giglio, the Court rejects Defendant's argument that Section 922(g)(1) is unconstitutional as applied to him, and his motion on this ground is denied.

2. Facially unconstitutional. Defendant admits that the Fifth Circuit's decision in Diaz, 116 F.4th at 472, forecloses his facial challenge under the Second Amendment and explains that "he raises the issue … to preserve it for further review." [ECF No. 23] at 1. The Court agrees that Diaz is dispositive, and Defendant's argument based on facial unconstitutionality fails. See also United States v. Collette, No. 22-51062, 2024 WL 4457462, at *2 (5th Cir. Oct. 10, 2024).

3. <u>Void for vagueness</u>. Defendant argues that Section 922(g)(1) is unconstitutionally vague because there are persons with previous criminal convictions punishable by imprisonment for a term exceeding one year, but, under the current <u>Bruen</u> test, the Government might not be able to show a longstanding tradition of disarming someone with a similar criminal history. [ECF No. 23] at 6. Defendant further attempts to explain that "an ordinary person cannot know in advance of a court's retroactive declaration whether possessing a firearm post-conviction is a constitutional entitlement or a federal felony." <u>Id.</u> The Government counters that "[n]o court has found 18 U.S.C. § 922(g)(1) unconstitutionally vague." [ECF No. 21] at 13. Defendant provides no precedent that expressly finds Section 922(g) void for vagueness because the Government might fail to meet the <u>Bruen</u> test with respect to certain unspecified crimes. This Court is not convinced and finds that Defendant's argument lacks merit. <u>Accord</u> <u>United States v. Landrum</u>, No. 3:24-CR-63-DPJ-LGI, 2024 WL 4806486, at *2 (S.D. Miss. Nov. 15, 2024).

4. <u>Equal Protection Clause Challenge</u>. Defendant concedes that, prior to <u>Diaz</u>, "his equal protection argument was foreclosed by Fifth Circuit precedent ... ." [ECF No. 23] at 4; <u>see</u> <u>United States v. Darrington</u>, 351 F.3d 632, 634-35 (5th Cir. 2003) (rejecting an equal protection challenge to Section

9

922(g)(1)), abrogated on other grounds by Diaz, 116 F.4th at 458. Defendant now argues that "such precedent has since been rendered obsolete" and that this Court should apply strict scrutiny to determine whether Section 922(g)(1) treats identically situated persons differently in violation of the Fifth and Fourteenth amendments to the United States Constitution. [ECF No. 20] at 13-14; [ECF No 23] at 4-5. Considering that Defendant has cited no controlling precedent that adopts his Equal Protection argument, the Court is not persuaded that Diaz signals a green light for Equal Protection challenges to Section 922(g)(1). It appears to this Court that, post-Diaz, appellate and district courts in the Fifth Circuit continue to reject Equal Protection challenges to Section 922(g)(1). See, e.g., United States v. Howard, No. 24-40033, 2024 WL 4449866, at *2 (5th Cir. Oct. 9, 2024) (per curiam) (relying on Darrington to reject an Equal Protection challenge to § 922(g)(1) and reiterating that neither the United States Supreme Court nor the en banc Fifth Circuit has overruled Darrington); United States v. Doster, No. 3:24-CR-82-CWR-ASH, 2024 WL 5204592, at *3 (S.D. Miss. Dec. 23, 2024) (Equal Protection challenge to § 922(g)(1) discussed and dismissed); Landrum, 2024 WL 4806486, at *2 (same); United States v. Benkowich, No. 1:24-CR-57-HSO-RPM-1, 2024 WL 4555392, at *3 (S.D. Miss. Oct. 23, 2024) (same); United States v. Clark, No.

10

3:24-CR-49-KHJ-LGI, 2024 WL 2963785, at *1 (S.D. Miss. June 12, 2024) (same); United State v. Locket, Crim. No. H-22-72, 2023 WL 5153549, at *5 (S.D. Tex. Aug. 10, 2023)("… Bruen changed the scrutiny of laws regulating protected conduct, but it did not disturb the holding that felons lack Second Amendment rights. Section 922(g)(1) cannot be said to unevenly burden Second Amendment rights that do not exist."). This Court concurs and finds that Defendant's Equal Protection argument fails.

    5.  Commerce Clause Challenge. Defendant's Commerce Clause challenge also is foreclosed by Fifth Circuit precedent and fares no better than his Equal Protection argument. Diaz, 116 F.4th at 462 (reaffirming that Fifth Circuit precedent forecloses a Commerce Clause challenge to § 922(g)(1)); United States v. Alcantar, 733 F.3d 143, 145 (5th Cir. 2013) (rejecting appellant's argument that his conviction should be vacated because § 922(g)(1) exceeds Congress's authority under the Commerce Clause). Recent decisions by district courts in the Southern District of Mississippi also reject commerce clause challenges to Section 922(g)(1). E.g., Doster, 2024 WL 5204592, at *34); Landrum, 2024 WL 4806486, at *2 (S.D. Miss. Nov. 15, 2024); Benkowich, 2024 WL 4555392, at *3. Given established precedent, the Court is not persuaded that Section 922(g)(1) "exceeds Congress's enumerated powers" as Defendant urges. See

11

Reply Brief, [ECF No 23] at 5.  The Court rejects this challenge to Section 922(g)(1).

## CONCLUSION

The Court has considered all arguments that Defendant presented in his Motion.  Any argument that is not specifically addressed in this Opinion would not affect the Court's decision.  Defendant's Motion to Dismiss the Indictment, [ECF No. 20], is **DENIED.**

SO ORDERED this 27th day of January 2025.

                                                 /s/  David Bramlette
                                                UNITED STATES DISTRICT JUDGE